

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LONNY ACKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-706-A |
| | § | |
| GENERAL MOTORS LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above-captioned action by defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"). Plaintiff, Lonny Acker, has responded. Having considered the motion, the complaint, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

Background

In summary form plaintiff makes the following allegations in his complaint:

Defendants, Sedgwick and General Motors LLC ("GM"), interfered with his rights under the Family Medical Leave Act

1

("FMLA").[1] Plaintiff suffers from acute iron-deficiency anemia and due to that condition, he is at times unable to perform his job at GM. As a part of GM's policy to take FMLA leave, plaintiff is required to notify Sedgwick that he is taking FMLA leave. Sedgwick then makes a recommendation to GM regarding the FMLA leave, and GM may adopt Sedgwick's finding. Plaintiff has been disciplined for taking unapproved FMLA leave. He notified Sedgwick that he was taking FMLA leave, but Sedgwick claims that it was not informed of such leave. Sedgwick illegally denied plaintiff's requests for FMLA leave, and GM adopted Sedgwick's illegal denial.

II.

Standards Applicable to the Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual

---

[1] The remainder of plaintiff's claims are alleged against GM only.

allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's

3

claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

III.

Application of Law to Facts

A. FMLA Requirements

The FMLA provides a cause of action to an employee against an employer for interfering with any right provided by the FMLA. 29 U.S.C. §§ 2615 & 2617(a)(2). An employer is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year" and includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A). The definition of employer under the FMLA and the Fair Labor Standards Act ("FLSA") is substantially identical and decisions interpreting the FLSA provide guidance for interpreting the definition of employer under the FMLA. See Modica v. Taylor, 465 F.3d 174, 186 (5th Cir. 2006).

Under the FLSA definition, an employer has "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees." Falk v. Brennan, 414 U.S. 190, 195 (1973). The ultimate question for determining

4

employer status is "whether an alleged employer had 'supervisory authority over the complaining employee.'" Shores v. United Cont'l Holdings, Inc., No. H-13-2745, 2015 WL 136619 at * 3 (S.D. Tex. Jan. 7, 2015)(quoting Rudy v. Consol. Rest. Cos., Inc., No. 3:08-C-0904-L(BF), 2010 WL 3565418 at * 6 (N.D. Tex. Aug. 18, 2010)).

While the employer is normally the entity that employs an employee, it is possible that an employee has more than one employer, referred to as joint employers.[2] 29 C.F.R. §§ 825.104(c) & 825.106(a). To determine joint employer status, the relationship must "be viewed in its totality." 29 C.F.R. § 825.106(b)(1).

The FMLA anticipates a situation wherein an employer contracts with another entity "to perform administrative

---

[2] The joint employer coverage regulation, 29 C.F.R. § 825.106 provides, in pertinent part, that:
Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as: (1) Where there is an arrangement between employers to share an employee's services or to interchange employees; (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

functions such as payroll, benefits, regulatory paperwork, and updating employment policies." 29 C.F.R. § 825.106(b)(2). The entity that performs such administrative functions is referred to as a Professional Employer Organization or PEO. 29 C.F.R. § 825.106(b)(2). A PEO is not a joint employer when "it merely performs . . . administrative functions." 29 C.F.R. § 825.106(b)(2). Factors that may lead to a determination that a PEO is a joint employer include: "the right to hire, fire, assign, or direct and control the client's employees . . . ." 29 C.F.R. § 825.106(b)(2).

B. <u>Sedgwick is not an Employer Under the FMLA</u>

Sedgwick contends in its motion to dismiss that Sedgwick is merely a third-party claims administrator and is not an employer within the definition of the FMLA, thus, cannot be liable for FMLA interference. Doc.[3] 15 at 4-8. Plaintiff argues that Sedgwick is plaintiff's joint employer, along with GM, and specifically, that Sedgwick is a joint employer falling under the PEO definition. Doc. 19 at 4-5.

The Fifth Circuit has yet to determine if a third-party claims administrator falls within the definition of an employer under the FMLA. District courts that have addressed this issue

---

[3] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-706-A.

6

have found that third-party claims administrators do not exercise sufficient control over the employee to fall under the definition of employer for the FMLA. See e.g. Zolner v. U.S. Bank Nat'l Ass'n, No. 4:15-cv-00048, 2015 WL 7758543 at * 4 (W.D. Ky. Dec. 1, 2015) (dismissing plaintiff's claims against a third-party administrator for FMLA leave because plaintiff failed to show that the third-party admistrator was her employer); Shoemaker v. Conagra Foods, Inc., No. 2:14-CV-153, 2015 WL 418271 at *4-5 (E.D. Tenn. Feb. 2, 2015) (holding that the only proper defendant in the case was Conagra who hired and employed the plaintiff, not the third-party FMLA claims administrator); Marshall v. Whirlpool Corp., No. 07-CV-534-JHP-TLW, 2010 WL 348344 at *6 (N.D. Okla. Jan. 26. 2010) (determining that the third-party claims administrator was not an employer because the entity did not make employment related decisions it merely made benefit determinations and acted as a disbursing agent for benefits). In fact, plaintiff points to no case wherein a court has held that a third-party claims administrator is an employer under the FMLA.[4]

---

[4] Plaintiff relies heavily on Salas v. 3M Company, wherein a motion for summary judgment filed by Sedgwick was denied. No. 08-C-1614, 2009 WL 2704580 at * 11 (N.D. Ill. Aug. 25, 2009). In Salas, Sedgwick was retained by 3M to perform many of the same duties that Sedgwick provides for GM. See id. at *2-3; Doc. 19 at 6. In Salas, Sedgwick argued that it was not an employer within the definition of the FMLA. See id. at *9-10. The court denied Sedgwick's motion for summary judgment, but not because the court found that Sedgwick was an employer within the definition of the FMLA, but because Sedgwick relied on inadmissable evidence. Id. at *9-11. Thus, Salas provides no support to plaintiff's position that Sedgwick is an employer within the definition of the FMLA.

7

In addition, plaintiff merely alleges that Sedgwick is an employer because it exercised control over plaintiff's FMLA leave and that GM does not make the determination of FMLA approval. Doc. 19 at 7. However, this statement is contrary to plaintiff's pleadings which twice state that GM adopted Sedgwick's findings on FMLA leave, implying that it was GM, not Sedgwick, that made the ultimate determination on FMLA leave. Doc. 1 at 2 & 5. Plaintiff's pleadings wholly fail to establish that Sedwick is a proper party in this FMLA claim because plaintiff has not established that Sedgwick was plaintiff's employer. Plaintiff's conclusory allegations do not amount to a valid claim for FMLA interference against Sedgwick.

C. <u>Plaintiff's Request for Leave to Amend Complaint</u>

Plaintiff's response to the motion to dismiss includes a request that should the court find that plaintiff has not stated a claim against Sedgwick, the court allow plaintiff to amend his complaint. Doc. 19 at 9. The court notes that it is the duty of plaintiff, not the court, to evaluate the need to amend the complaint after reviewing the motion to dismiss filed by defendant. In any event, this request is not stated in an appropriate motion.

The court also notes that on November 19, 2015, plaintiff filed a motion for leave to file plaintiff's first amended

8

complaint. Doc. 20. Such motion was unfiled because it did not comply with the Local Civil Rules of the United States District Court for the Northern District of Texas. Doc. 21. To date, plaintiff has not refiled an amended complaint.

IV.

Order

Therefore,

The court ORDERS that Sedgwick's motion to dismiss be, and is hereby, granted, and plaintiff's claims against Sedgwick be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Sedgwick.

SIGNED December 8, 2015.

_____
JOHN McBRYDE
United States District Judge