ORIGINAL IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN D... RICT OF TEXAS
FILED

JUL - 1 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| LONNY ACKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-706-A |
| | § | |
| GENERAL MOTORS LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment

filed in the above-captioned action by defendant, General Motors,

LLC. Plaintiff, Lonny Acker, filed a response and defendant filed

a reply. Having considered all of the parties' filings, the

summary judgment record, and the applicable authorities, the

court concludes that the motion should be granted.

I.

Plaintiff's Complaint

Plaintiff asserts claims for FMLA interference, Americans

with Disabilities Act Amendments Act of 2008 ("ADAAA") disability

discrimination, Texas Commission on Human Rights Act ("TCHRA")

disability discrimination, and retaliation under the FMLA, ADAAA,

and TCHRA, against defendant, and requests punitive damages.

II.

### The Summary Judgment Motion

Defendant argues it is entitled to summary judgment as to all of plaintiff's claims. In summary form, the arguments of defendant in the motion for summary judgment are as follows:

(1) Plaintiff's FMLA interference claim fails because none of plaintiff's claims constitute interference with a right under the FMLA. Furthermore, even if plaintiff has established that he was denied a substantive right under the FMLA, he was not prejudiced.

(2) Plaintiff's disability discrimination claims under the ADAAA and TCHRA fail as a matter of law because, plaintiff has not established a prima facie case of disability discrimination.

(3) Plaintiff's retaliation claims should fail as a matter of law because plaintiff has not established a prima facie case of retaliation.

III.

### Undisputed Facts Established by the Summary Judgment Record

Plaintiff has been employed as an electrician by defendant since 2000. Doc. 32 at App. 6; Doc. 38 at App. 41. Plaintiff suffers from acute iron-deficiency anemia and due to that condition, is at times unable to perform his job. Doc. 32 at App.

2

10-13; Doc. 38 at App. 12. As a part of defendant's policy to take Family Medical Leave Act ("FMLA") leave, plaintiff is required to notify defendant that he requests FMLA leave by calling defendant's absence call-in line and then calling Sedgwick Claims Management Services, Inc. ("Sedgwick")[1] at what is referred to as the "benefits and services line." Doc. 32 at App. 74-75. Sedgwick then makes a recommendation to defendant regarding the FMLA leave, and defendant may adopt such finding. Doc. 32 at App. 74-75. Employees are encouraged to notify defendant that they will be absent or tardy as far in advance as possible. Doc. 32 at App. 51-58. When advance notice is not possible, employees are required to call in to report an absence or tardy at least thirty minutes prior to the start of their shift. Doc. 32 at App. 51-58.

More specifically, employees calling in under the FMLA are required to notify defendant's absence call-in line with a request for leave at least 30 minutes prior to the start of their shift. Doc. 32 at App. 75. Employees are also required to notify defendant's benefits and services center of their request for FMLA leave by the end of their normally scheduled work shift.

---

[1]Plaintiff also named Sedgwick Claims Management Services, Inc. ("Sedgwick") as a defendant in the above-captioned action. The court previously granted Sedgwick's motion to dismiss all claims asserted against it by plaintiff.

3

Doc. 32 at App. 75. Plaintiff admits that he is familiar with this process. Doc. 32 at App. 7-9. A leave request applies to the day the shift ends. Doc. 32 at 75.

On November 12, 2014, plaintiff made a request for FMLA leave for leave on November 12, 2014 through November 14, 2014. Doc. 38 at App. 24. Plaintiff also took FMLA leave on November 22, 2014 and November 23, 2014, and December 6, 2014 through December 8, 2014. Doc. 32 at 75-76.

On December 9, 2014, defendant was put on unpaid disciplinary leave for two weeks because his leave for November 12, 2014 through November 14, 2014 was not approved. Doc. 32 at App. 12, 61; Doc. 38 at App. 85. While plaintiff was on disciplinary leave, Sedgwick approved plaintiff's November 12, 2014 and November 13, 2014 absences for FMLA leave and defendant rescinded the disciplinary layoff. Doc. 32 at App. 12, 61; Doc. 38 at App. 85. However, defendant discovered that plaintiff did not timely call in to request FMLA leave as to his November 14, 2014 absence. Doc. 32 at App. 61-62. Defendant issued a disciplinary layoff for the November 14, 2014 absence but allowed the time already served on disciplinary layoff to count as disciplinary layoff for the absence. Doc. 32 at App. 61-62; Doc. 28 at 37-38.

4

As to plaintiff's November 22, 2014 absence, plaintiff did not timely call the absence call-in line to report his absence thirty minutes prior to the start of his shift. Doc. 32 at 66. In addition, he did not call defendant's benefits and services center before his shift ended. Doc. 32 at 66. For the November 22, 2014 and November 23, 2014[2] absences, plaintiff was issued an unpaid two week disciplinary layoff. Doc. 32 at App. 63.

As to plaintiff's December 6, 2014 through December 8, 2014 leave, plaintiff's December 7, 2014 leave was approved. Doc. 32 at 67. Plaintiff's December 6, 2014 and December 8, 2014 leave were not approved because plaintiff failed to timely contact defendant's benefits and services center, though he did timely contact the absence call-in line. Doc. 32 at 67. Defendant did not discipline plaintiff for his absence on December 6, 2014, and instead gave him the opportunity to correct his attendance. Doc. 32 at App. 76-77. Plaintiff was given a thirty day unpaid disciplinary suspension for his absence on December 8, 2014.

Since returning to work from his thirty day unpaid disciplinary suspension plaintiff has taken over thirty days of

---

[2]It appears that as to plaintiff's November 23, 2014 absence, plaintiff might have timely called both the absence call-in line and defendant's benefits and services center. Doc. 32 at 66. However, plaintiff's phone records clearly indicate that he did not timely call either the absence call-in line or defendant's benefits and services center as to his November 22, 2014 absence. The November 22, 2014 absence is enough to support the disciplinary layoff that plaintiff was issued as to the unapproved leave under defendant's policy.

FMLA leave and called both the absence call-in line and defendant's benefits and services center to report such leave. Doc. 32 at App. 16-17.

## IV.

### Standards Applicable to a Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also FED. R. CIV. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support

6

the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A.   FMLA Interference

The FMLA entitles employees to up to 12 workweeks of leave during a year for various reasons including "a serious health condition that makes the employee unable to perform the functions

of the position of such employee." 29 U.S.C. 2612(a)(1)(D). The

FMLA provides a cause of action to an employee against an

employer for interfering with any right provided by the FMLA. 29

U.S.C. §§ 2615 & 2617(a)(2). To prevail on an interference claim,

an employee must prove that his employer interfered with,

restrained, or denied the exercise of FMLA rights. Ragsdale v.

Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002).

    1.   Defendant's Denial of FMLA Leave Is Not Interference
       with Plaintiff's FMLA Rights

It is not entirely clear what conduct plaintiff asserts

interfered with his FMLA rights. It appears that plaintiff

alleges that defendant interfered with his FMLA rights by

wrongfully denying qualifying FMLA leave. Defendant alleges that

on the days plaintiff was denied FMLA leave, plaintiff did not

timely or correctly provide notice of the need to take FMLA leave

in accordance with defendant's policy. The summary judgment

evidence indicates that on the dates plaintiff was denied FMLA

leave, plaintiff either did not call the absence call-in line

and/or defendant's benefits and services center or failed to

report his claim before the deadline required by defendant's FMLA

leave policy.

An employee may be denied leave for failing to abide with an

employer's "usual and customary notice and procedural

requirements for requesting leave." 29 C.F.R. § 825.302(d).
Courts have routinely held that "an employer generally does not
violate the FMLA if it terminates an employee for failing to
comply with a policy of requiring notice of absences, *even if the*
*absences that the employee failed to report were protected by the*
*FMLA*." Goff v. Signing River Health Sys., 6 F. Supp. 3d 704, 711
(S.D. Miss. 2014); see also Twigg v. Hawker Beechcraft Corp., 659
F.3d 987, 1008-09 (10th Cir. 2011). Courts have also routinely
found that the FMLA was not violated when an employee was
required to call in an absence according to the employer's
policy. See Bacon v. Hennepin Cnty. Med. Ctr., 550 F.3d 711, 715
(8th Cir. 2008) (holding that employers that have call-in
policies are entitled to terminate employees on FMLA leave for
failure to comply with the call-in policy); Bones v. Honeywell
Int'l, Inc., 366 F.3d 869, 878 (10th Cir. 2004) (holding that
employee cannot maintain FMLA interference claim based on her own
failure to comply with her employer's call-in policy); Lewis v.
Holsum of Fort Wayne, Inc., 278 F.3d 706, 710 (7th Cir. 2002)
(holding that an employer could discharge an employee on FMLA
leave for failing to comply with the employer's call-in policy).

Plaintiff appears to suggest that defendant's requirements
for requesting leave are outside of the scope of what is allowed
under the FMLA. However, plaintiff concedes that 29 C.F.R. §

9

825.303(c) includes as an example, that an employer may require an employee to call a designated number to request FMLA leave. Doc. 37 at 14. Requiring plaintiff to notify defendant of his request to take FMLA leave at two phone numbers does not seem outside the scope of allowable requirements for requesting FMLA leave. Neither does the requirement that plaintiff give such notification of his need to take FMLA leave within 30 minutes prior to the start of his shift. See Cundiff v. Lenawee Stamping Corp., 597 F. App'x 299 (6th Cir. 2015) (affirming the district court's grant of summary judgment for defendant on plaintiff's FMLA claim when plaintiff failed to call in at least 30 minutes prior to the start of his shift); (Martinez v. Harley-Davidson, Inc., No. 10-C-1081, 2012 WL 3881615 (E.D. Wis. Sept. 6, 2012) (granting summary judgment to defendant for disciplining plaintiff for failing to call in FMLA absences prior to 30 minutes before his shift started). In addition, the fact that plaintiff was unable to talk with a "live person" and was confused by the menu selection options of the call-in number, do not justify his non-compliance with defendant's requirements for notice of FMLA leave.

    2.  FMLA Unusual Circumstances

    Plaintiff claims that defendant interfered with his FMLA rights for failing to recognize his claims as "unusual

circumstances" which would allow him to report his request for leave after the deadline set forth in defendant's policy. 29 C.F.R. § 825.302(d).

Plaintiff has adduced no evidence to support the conclusion that on the dates in which he did not notify defendant of his request for FMLA leave until after the deadline, unusual circumstances existed. Plaintiff claims that at times his condition subjects him to fatigue, dizziness, and disorientation, but, without more information, this is not enough to support the conclusion that defendant violated his FMLA rights by denying him FMLA leave when he was not in compliance with defendant's FMLA leave notification policy. In addition, on some of the dates in question, plaintiff was denied leave because he failed to call defendant's services and benefits center, but, he timely called the absence call-in line. Thus, at least as to these dates, an argument that his condition prevented him from timely notifying defendant is completely contradicted by his own call ins to the absence call-in line.

B.   ADAAA and TCHRA Disability Discrimination

The ADAAA prohibits discrimination in employment against a qualified individual on the basis of his disability. 42 U.S.C. § 12112(a). The ADAAA and TCHRA both prohibit disability discrimination and "Texas courts look to analogous federal

11

precedent for guidance when interpreting the [TCHRA]." Rodriguez v. ConAgra Grocery Prods. Co., 436 F.3d 468, 473-74 (5th Cir. 2006) (quotations omitted). Thus, federal courts look to federal precedent in decisions on the ADAAA in interpreting the TCHRA. Id. Since plaintiff has adduced only circumstantial evidence to prove his disability discrimination claim under the ADAAA and TCHRA claims, the McDonnell Douglas[3] burden-shifting framework applies and to prevail on these claims, plaintiff must prove: (1) he has a disability, (2) he is qualified for the job, and (3) defendant made an adverse employment decision because of plaintiff's disability. Neely v. PSEG Texas, Ltd. P'ship, 735 F.3d 242, 245 (5th Cir. 2013).

Both parties agree that plaintiff has a disability and is qualified for his job. Plaintiff claims that he requested a reasonable accommodation for his disability under the ADAAA/TCHRA in the form of FMLA leave and was denied. Doc. 37 at 25. Defendant alleges plaintiff made no such request. Doc. 40 at 10. Plaintiff argues that his request did not have to specify that he was seeking an accommodation for a disability. Doc. 37 at 25.

"An employee who needs an accommodation because of a disability has the responsibility of informing [his] employer."

---

[3]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Griffin v. United Parcel Serv., Inc., 661 F.3d 216, 224 (5th Cir.

2011) (quoting E.E.O.C. v. Chevron Phillips Chem. Co., L.P., 570

F.3d 606, 621 (5th Cir. 2009)). As plaintiff argues, it is true

that an employee need not use the phrase "reasonable

accommodation" to seek an accommodation under the ADAAA. Chevron

Phillips, 570 F.3d at 621. "Plain English will suffice," for such

a request. Id. However, a request for FMLA leave is not a request

for a reasonable accommodation under the ADAAA. See Harville v.

Texas A&M Univ., 833 F. Supp. 2d 645, 661 (S.D. Tex. 2011) ("FMLA

leave is not a reasonable accommodation under the ADA; rather it

is a right enforceable under a separate statutory provision.")

(quoting Trevino v. United Parcel Serv., No. 3:08-CV-889-B, 2009

WL 3423039, at *12 (N.D. Tex. Oct. 23, 2009) (citing Navarro v.

Pfizer Corp., 261 F.3d 90, 101 (1st Cir. 2001))). The ADAAA/TCHRA

and FMLA clearly serve different purposes.

Because plaintiff has adduced no evidence to show that he

requested an accommodation under the ADAAA/TCHRA, plaintiff has

not proved a prima facie case of discrimination and this claim

must fail.

C.   Retaliation

1.   Retaliation under the FMLA

The FMLA prohibits retaliation by an employer based on an

employees use of FMLA leave. 29 U.S.C. § 2615(a)(1). Retaliation

claims under the FMLA are analyzed using the McDonnell Douglas

burden-shifting framework. Wheat v. Florida Par. Juvenile Justice

Comm'n, 811 F.3d 702, 705 (5th Cir. 2016) (citing Chaffin v. John

H. Carter Co., 179 F.3d 316, 319 (5th Cir. 1999)). This framework

requires the employee to prove a prima facie case of retaliation,

by establishing: (1) he was protected under the FMLA, (2) the

employer took a materially adverse action against him, and (3)

the adverse action was taken because he sought protection under

the FMLA. Ion v. Chevron USA, Inc., 731 F.3d 379, 390 (5th Cir.

2013) (citing Mauder v. Metro Transit. Auth. of Harris Cnty.,

Tex., 446 F.3d 574, 583 (5th Cir. 2006)).

    For the reasons discussed above, it is clear that defendant

can require plaintiff to notify it of a request for FMLA leave in

accordance with defendant's policy. Thus, plaintiff can base no

claims for retaliation on the denial of FMLA leave requests

because of his non-compliance with defendant's FMLA leave policy.

See Lanier v. Univ. of Tex. Sw. Med. Ctr., 527 F. App'x 312, 317

(5th Cir. 2013).

    To the extent plaintiff's retaliation claim relates to

defendant's request that plaintiff recertify his disability for

the purpose of FMLA leave, an employer is allowed to request

recertification when an employee incurs an absence and the

circumstances described by a previous certification have changed

significantly. 29 C.F.R. § 825.308. Plaintiff was asked to submit a recertification because the frequency and duration for leave set forth by his physician in the previous certification had changed. Doc. 32 at App. 75.

Furthermore, plaintiff is still employed by defendant and has taken more than thirty days of FMLA leave since his last disciplinary layoff. Doc. 32 at App. 15-17. He has not been subjected to further discipline, because he has complied with defendant's call-in procedure. Doc. 32 at App. 15-17. In addition, defendant did not terminate defendant but instead gave him the opportunity to correct his attendance. Doc. 32 at App. 76-77. Thus, plaintiff has not proved a prima facie case of retaliation under the FMLA.

### 2.   Retaliation under the ADAAA/TCHRA

The ADAAA prohibits retaliation against an employee who has engaged in a protected activity under the ADAAA. 42 U.S.C. § 12203. The McDonnell Douglas balancing framework is also applied to ADAAA retaliation claims and plaintiff must show: (1) he participated in an activity protected under the ADAAA, (2) his employer took an adverse action against him, and (3) a causal connection exists between the protected activity and the adverse action. Feist v. Louisiana, Dept. of Justice, Office of Atty. Gen., 730 F.3d 450, 454 (5th Cir. 2013). As stated above, the

court looks to ADAAA decisions to determine the standards for the TCHRA. Rodriquez, 436 F.3d at 473-74.

As argued by plaintiff, "[i]t is undisputed that making a request for a reasonable accommodation under the ADAAA may constitute engaging in a protected activity." Tabatchnik v. Cont'l Airlines, 262 F. App'x 674, 676 (5th Cir. 2008). However, as established above, plaintiff has not adduced evidence to prove that he made such a request. Thus, plaintiff has not proved a prima facie case of retaliation under the ADAAA or TCHRA.

D.   Punitive Damages

Because the court has granted summary judgment as to all of plaintiff's claims, there is nothing on which to base plaintiff's claim for punitive or other damages.

VI.

Order

Therefore, for the reasons given above,

The court ORDERS that defendant's motion for summary judgment as to plaintiff's claims and causes of action against defendant be, and is hereby, granted; that plaintiff takes nothing on his claims and causes of action against defendant; and

16

that such claims and causes of action be, and are hereby,

dismissed with prejudice.

SIGNED July 1, 2016.


_____
JOHN McBRYDE
United States District Judge